IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOSHUA JIMENEZ | * |
| v. | * Civil No. CCB-13-1610 |
| | * Criminal No. CCB-10-0633 |
| UNITED STATES OF AMERICA | * |

## MEMORANDUM

Now pending before the court is a petition to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed by Joshua Jimenez ("Jimenez"). Also pending is Jimenez's motion for discovery.[1] For the reasons stated below, the motion to vacate will be denied.

Jimenez pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). On October 21, 2011, Jimenez was sentenced to a term of imprisonment of 46 months as to the § 922(g)(1) violation and 60 months as to the § 924(c) violation, for a total sentence of 106 months. Jimenez filed the motion to vacate on June 4, 2013. The Government filed a response on August 12, 2013. Jimenez replied on August 26, 2013.

Pursuant to 28 U.S.C. § 2255(f)(1), a defendant has one year from "the date on which the judgment of conviction becomes final" to file a petition to vacate, set aside, or correct sentence.

---

[1] It is not clear which document or documents Jimenez is requesting. (*See* Mot. for Additional Disc., ECF No. 44 (requesting "COPY OF MEMORANDUM FROM UNITED STATES JUSTICE DEPARTMENT REQUIRING U.S. ATTORNEY'S IN THE INTEREST OF JUSTICE TO CONCEDE TO FEDERAL PRISONER'S CLAIMS THAT THEY ARE 'LEGALLY INNOCENT' OF SENTENCES IMPOSED").) In any event, because Jimenez's § 2255 petition is untimely and lacks merit, discovery is not necessary, and the motion will be denied.

Therefore, because Jimenez filed his petition more than eighteen months after entry of judgment against him, the court will dismiss his petition as untimely.

Jimenez correctly cites 28 U.S.C. § 2255(f)(3) for the proposition that the one-year limitation period for filing a petition to vacate may run from the date on which the Supreme Court recognizes a new right, "if that right has been . . . made retroactively applicable to cases on collateral review." But Jimenez incorrectly relies on *Moncrieffe v. Holder*, 133 S. Ct. 1678 (2013), to argue that the limitation period in § 2255(f)(3) applies to his case. In particular, Jimenez argues that, based on *Moncrieffe*, his previous state drug conviction is not a proper predicate offense for a § 922(g)(1) conviction. The court need not consider whether *Moncrieffe* announced a new, retroactively applicable rule, because it agrees with the Government that the case has no bearing on what qualifies as a predicate conviction under § 922(g)(1). In *Moncrieffe*, the Supreme Court considered whether a state drug conviction qualified as an "aggravated felony" under the Controlled Substances Act ("CSA"). *Id.* at 1685–87. Section 922(g)(1) is not in any way tied to the CSA. Rather, it applies broadly to all convictions "punishable by imprisonment for a term exceeding one year." 18 U.S.C. § 922(g)(1). Here, Jimenez's prior state drug conviction resulted in a sentence of five years imprisonment with all but six months suspended. (*See* Presentence Report at ¶ 31.) Thus, it was a proper predicate offense for § 922(g)(1). The limitations period in § 2255(f)(3) is not triggered.

The court will deny Jimenez's motion to vacate, and will not issue a certificate of appealability under 28 U.S.C. § 2253(c). A separate Order follows.

December 31, 2013　　　　　　　　　　　　　　　　　　　　　／s／
Date　　　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge